

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-21-00204-CV

---

## IN THE INTEREST OF E.C. AND A.O., CHILDREN

---

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 85,775-D, Honorable Carry A. Baker, Associate Judge Presiding

---

November 29, 2021

## ORDER OF ABATEMENT AND REMAND

### Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, E.O. III, proceeding pro se, appeals from the trial court's order terminating his parental rights to his children, E.C. and A.O., in a suit brought by the Department of Family and Protective Services.[1]  We remand the cause to the trial court for further proceedings.

E.O. III's appointed trial counsel filed this appeal.  The following day, the trial court granted counsel's motion to withdraw without appointing new appellate counsel.  The appellate record has since been filed and E.O. III's brief was due November 3, 2021.  By

---

[1] To protect the privacy of the parties involved, we refer to them by their initials.  *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(b).

letter of November 8, 2021, we notified E.O. III that the brief was overdue and admonished him that failure to file a brief by November 18th would result in the appeal being abated and the cause remanded to the trial court for further proceedings. E.O. III has not filed a brief or had any further communication with this court to date.

Indigent persons have a statutory right to counsel, through the exhaustion of any appeal, in parental-rights termination cases brought by the Department. *See* TEX. FAM. CODE ANN. §§ 107.013(a)(1), 107.016(2)(B). We, therefore, abate the appeal and remand the cause to the trial court to determine whether (1) E.O. III still desires to prosecute the appeal, and (2) E.O. III is indigent and entitled to the appointment of counsel. *See* TEX. R. APP. P. 38.8(a)(2); *In re J.F. II*, No. 07-20-00194-CV, 2020 Tex. App. LEXIS 7483, at *2 (Tex. App.—Amarillo Sept. 15, 2020, order) (per curiam) (remanding termination appeal for appointment of counsel after appellant's brief not filed).

Should it be determined that E.O. III wants to continue the appeal, is indigent, and is entitled to appointed counsel, then the trial court is directed to appoint counsel and issue findings of fact and conclusions of law containing the name, address, email address, telephone number, and State Bar of Texas identification number of the counsel appointed. Should the trial court conclude that E.O. III does not care to prosecute the appeal or is not entitled to appointed counsel, those rulings must also be included in appropriate findings of fact and conclusions of law. The trial court shall cause its findings and conclusions on the foregoing issues (and any others it deems appropriate) to be written, included in a supplemental clerk's record, and filed with the clerk of this court on or before December 9, 2021. The trial court shall also include in that supplemental clerk's record all orders it issued addressing the appointment of counsel.

2

Any newly appointed counsel shall file appellant's brief within twenty days after the date of appointment.  *See* T<span>EX</span>. R. A<span>PP</span>. P. 38.6(a).

It is so ordered.

Per Curiam